IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH HASER, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 08-958 |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER OF COURT

This is an appeal from the final decision of the Commissioner of Social Security denying Plaintiff's claim for disability insurance benefits under Title II of the Social Security Act. Jurisdiction is proper pursuant to 42 U.S.C § 405(g). Plaintiff, Joseph Haser Jr., alleges that the Administrative Law Judge's ("ALJ") decision that he is not disabled, and therefore not entitled to disability insurance benefits, should be reversed because the ALJ failed to afford proper weight to the medical evidence and improperly relied on medical evidence against Plaintiff.

## I. Standard of Review

When reviewing a decision denying DIB and SSI, the district court's role is limited to determining whether substantial evidence exists in the record to support the ALJ's findings of fact. *Burns v. Barnhart*, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995)(quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Additionally, if the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); *Richardson*, 402 U.S. at 390. A district court cannot conduct

1

a *de novo* review of the Commissioner's decision nor re-weigh evidence of record. *Palmer v. Apfel*, 995 F.Supp. 549, 552 (E.D. Pa. 1998). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See* 5 U.S.C. §706.

To be eligible for social security benefits under the Act, a claimant must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler*, 786 F.2d 581, 583 (3d Cir. 1986).

The ALJ must utilize a five-step sequential analysis when evaluating the disability status of each claimant. 20 C.F.R. §404.1520. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment or a combination of impairments that is severe; (3) whether the medical evidence of the claimant's impairment or combination of impairments meets or equals the criteria listed in 20 C.F.R., pt. 404 subpt. P., appx. 1; (4) whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy. 20 C.F.R. §404.1520(a)(4).

If the claimant is determined to be unable to resume previous employment, the burden shifts to the Commissioner (Step 5) to prove that, given plaintiffs's mental or physical limitations, age, education, and work experience, he or she is able to perform substantial gainful activity in jobs available in the national economy. *Doak v. Heckler*, 790 F.2d 26, 28 (3d Cir. 1986).

## II. Procedural History

Plaintiff protectively filed an application for Disability Insurance Benefits on August 15,

2005. (AR 36). Plaintiff alleged a disability onset date of July 29, 2005 that arose from a back injury while working for a tree service. (AR 55, 385-386). After the claim was denied, a hearing was held before the ALJ on September 20, 2007. (AR 381-395). Plaintiff, who was represented by counsel, and an impartial vocational expert, Elizabeth Lucas, testified at the hearing. (*Id.*). On October 23, 2007, the ALJ found that Plaintiff was not disabled. (AR 18-29). On February 21, 2008, the Appeals Council denied Plaintiff's request for review. (AR 10-13). Thus, after exhausting all administrative remedies, Plaintiff commenced this action against the Commissioner pursuant to 42 U.S.C. § 405(g) on July 9, 2008. (Docket No. 1).

In his decision, the ALJ determined that Plaintiff was not disabled at the fifth step of the sequential evaluation process. (AR 28-29). He found that Plaintiff suffered from lumbar degenerative disc disease, which was deemed to be severe impairments under 20 C.F.R. §404.1520(c). (AR 20). The ALJ determined that these impairments did not meet or medically equal the listed impairments found in 20 C.F.R. Pt. 404, Subpt. P., Appx. 1. (AR 22). The ALJ found that Plaintiff was unable to return to his past relevant work, however, he would be able to perform a range of light work involving occasional lifting and carrying up to 20 pounds and occasional postural maneuvers such as crouching, kneeling, and stooping but no climbing or crawling and no operation of foot or leg controls. (AR 22-28). The ALJ concluded that jobs falling within the confines of Plaintiff's residual functional capacity existed in significant numbers in the local and national economy and he was therefore not disabled under the Act. (AR 28-29).

### III. Discussion

In support of the motion for summary judgement, Plaintiff argues that the ALJ erred in four respects. First, that the ALJ failed to afford the proper weight to Dr. Kramer's medical opinions.

3

(Br. for Plaintiff at 10). Second, that the ALJ accepted the independent medical examiner's assessment that Plaintiff could perform light duty work without acknowledging the limitations the examiner described. (*Id.*). Third, that Plaintiff's daily life activities were mischaracterized against his claim (*Id.*). Lastly, that the Medical Vocational Guideline directs a finding of disabled as of Plaintiff's 50th birthday. (*Id.*). The Court will address each argument in turn.

Plaintiff's first argument is that the ALJ erred in not giving the opinion of Dr. Kramer greater weight than that the other medical opinions because Dr. Kramer was a treating specialist and there was objective evidence supporting Dr. Kramer's opinion that Plaintiff was limited to sedentary work. (Br. for Plaintiff at 11). Generally a treating physician's opinion receives controlling weight if it is "well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record." 20 C.F.R. §404.1527(d)(2). However, the ALJ is free to reject medical source opinions that opine on issues reserved to the Commissioner. 20 C.F.R. §404.1527(e). Furthermore, "while contradictory medical evidence is required for an ALJ to reject a treating physician's opinion outright, such an opinion may be afforded 'more or less weight depending upon the extent to which supporting explanations are provided'" *Brownawell v. Commissioner of Social Security*, 554 F.3d 352, 355 (3d Cir. 2008)(quoting *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)).

On December 2, 2004, Dr. Kramer evaluated Plaintiff to be limited to sedentary physical demands only and not to have the ability to lift or carry more then five pounds. (AR 288). On December 15, 2004, Dr. Kramer found that Plaintiff would not be able to return to his former job but was physically capable to be employed for light office duty. (AR 286-87). On January 4, 2005, Dr. Kramer cleared Plaintiff for light duty office work. (AR 327). On April 6, 2005, Dr. Kramer

4

noted that Plaintiff was not physically able to be employed due to continuous leg pain. (AR 279). Dr. Kramer made the same assessment on May 11, 2005. (AR 275).

The ALJ gave the physical examinations by Dr. Kramer significant weight, but found that his opinion that Plaintiff was precluded from all work activity was not supported by Dr. Kramer's own objective findings, Plaintiff's daily activities, and that Dr. Kasdan and Dr. Kramer found plaintiff to be able to perform light duty work in January and May of 2005. (AR 28). Dr. Kasdan had opined that Plaintiff was able to perform light duty office work. (AR 273). Plaintiff also testified that he is able to cook, occasionally do laundry, occasionally fish and mow the lawn with a riding mower. (AR 386-387). As a result, substantial evidence in the record supports the ALJ's finding that Dr. Kramer's opinions were internally inconsistent and unsupported in the finding that Plaintiff was unable to perform any work. (AR 24-28). Furthermore, the opinions of Dr. Kramer stating that Plaintiff could not perform any work were nothing more than check list forms. *See Mason v. Shalala*, 994 F.2d 1058, 1065 (3d Cir. 1993)("Form reports in which a physician's obligation is only to check a box or to fill in a blank are weak evidence as best."). As a result, the ALJ did not err in finding that Dr. Kramer's opinion conflicted with the medical evidence and concluding that the opinion that Plaintiff could not perform any work was not entitled weight.

The second of Plaintiff's arguments is that the ALJ failed to acknowledge the job limitations described by the independent medical examiner that are alleged to be consistent with sedentary work limitation and not light duty. (Br. for Plaintiff at 18). Plaintiff states that the May 10, 2005 report of Dr. Kasdan was mistakenly understood by the ALJ to opine that Plaintiff could work light work

as defined under the regulations.[1]

Dr. Kasdan's May 10, 2005 report states that after decompressive surgery the Plaintiff improved and regained muscle strength in his right quadriceps. (AR 248). Plaintiff still had complaints of pain down his right leg when standing and moving about, however he was more comfortable in bed and able to use Vicodin on an as-needed basis. (*Id.*). Dr. Kasdan stated that he would give Plaintiff more time for rehabilitation before additional surgery was considered. (*Id.*). He stated that Plaintiff could continue to perform the light duty work that he was currently doing. (*Id.*). Along with the report, Dr. Kasdan also filled out a physical capabilities evaluation form dated May 10, 2005. (AR 273). In the evaluation form, Dr. Kasdan listed Plaintiff to be capable of light physical demands, which included the ability to sit for eight hours a day, stand and walk for four hours, occasionally lift, push or pull up to twenty pounds, and the ability to squat, climb stairs, reach, drive but never to crawl. (AR 273). Dr. Kasdan also listed that Plaintiff could not do any repetitive pushing or pulling of leg controls with either leg. (*Id.*).

The court cannot re-weight the reports and evaluations of Dr. Kasdan to determined whether the ALJ was correct in his conclusions. *See Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992). Based on the report and evaluation form of Dr. Kasdan, there is substantial evidence

---

[1]
>Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. §404.1567(b)

supporting the ALJ's conclusion that Dr. Kasdan opined Plaintiff to be able to perform light duty work as understood in the regulations and substantial evidence supports the ALJ's conclusion that Dr. Kasdan's opinion conflicted with that of Dr. Kramer. (AR 24). Therefore, there was no err in the ALJ's use and reliance of Dr. Kasdan's opinion evidence.

Plaintiff's third contention is that the ALJ improperly used activities of Plaintiff's daily life to support a denial of benefits which is inconsistent with Third Circuit case law. (Br. for Plaintiff at 20). In *Fargnoli v. Massanari*, 247 F.3d 34, 40 n.5 (3d Cir. 2001) the court stated that sporadic and transitory activities cannot be used as a basis for determining a claimant's residual functional capacity. However, the Court of Appeals has stated that daily activities of a claimant can be used to support that allegations of pain are less than fully credible. *Hartranft v. Apfel*, 181 F.3d 358, 362 (3d Cir. 1999); *Burns v. Barnhart*, 312 F.3d 113, 129-30 (3d Cir. 2002); *See also* 20 C.F.R. §404.1529(c).

In the ALJ's decision he cited Plaintiff's testimony that he does occasional housework, mows the lawn, and is able to go shopping with breaks. (AR 27). The ALJ also discussed the Plaintiff's daily activities questionnaire in which he stated that on days the pain is severe he need the help of his wife to dress and get out of bed. (AR 27, 92-93). Plaintiff also stated that he does not use a brace or crutch to walk and that he can lift shopping bags that are no more than five pounds. (AR 93-97). The ALJ found that Plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms to be partially credible, however, in light of the physical examination evidence in the record and the physicians opinion that Plaintiff is capable of light duty work, the ALJ found Plaintiff's residual functional capacity to be able to perform light duty. (AR 27). Since the ALJ pointed to objective medical evidence that contradicted Plaintiff's allegation of being limited to

sedentary work, the ALJ's conclusion with regards to Plaintiff's residual functional capacity is supported by substantial evidence in the record. There is no indication that Plaintiff's daily activities was used in a manner inconsistent with the case law or the regulations.

Plaintiff's final argument is that the since he can only perform sedentary work, the Grid rule 201.12 requires a finding that he is disabled. As discussed above, the ALJ did not err in coming to the conclusion that Plaintiff's residual functional capacity is that of light duty work. In reviewing the ALJ's decision and the record as a whole, the ALJ's finding that Plaintiff is able to perform light duty as defined by the regulations is supported by substantial evidence found within the record.

## IV. Conclusion

In viewing the record as a whole, substantial evidence supports the Commissioner's final decision and therefore it will be affirmed.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH HASER, JR., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MICHAEL J. ASTRUE, ) <br> Commissioner of Social Security, ) <br> ) <br> Defendant. ) | Civil Action No. 08-958 |

## ORDER

AND NOW, this 2nd day of June, 2009, and for the reasons set forth in the accompanying Memorandum Opinion,

IT IS HEREBY ORDERED that the Plaintiff's Motion for Summary Judgment [Doc. No. 6] is DENIED, and the Defendant's Motion for Summary Judgment [Doc. No. 8] is GRANTED.

*/s/ Gary L. Lancaster*
Gary L. Lancaster
United States District Judge

cm: All parties of record.